UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON DAVID, JR.,

        Petitioner,

                                Case No. 09-14912

v.                              Honorable Patrick J. Duggan

GREGORY MCQUIGGIN,

        Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Gordon David Jr. ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction in 2005 for second-degree murder in violation of Michigan Compiled Laws § 750.317.  For the reasons stated below, the Court denies the petition for writ of habeas corpus.

### I.  Background

On September 9, 2005, Petitioner pleaded *nolo contendere* to the above offense in the Circuit Court for Wayne County, Michigan.  In exchange for his plea, the prosecutor agreed to dismiss the original charge of first-degree premeditated murder and to not charge Petitioner with being a second felony habitual offender.  The trial court judge also agreed to sentence Petitioner to twenty to forty years in prison.  The sentencing guidelines

range for the minimum sentence on the second-degree murder charge was 225 to 375 months.

Prior to accepting Petitioner's *nolo contendere* plea, the trial court informed Petitioner of the maximum penalty for second-degree murder and advised him of the rights that he would be waiving by pleading *nolo contendere.*  (9/9/05 Tr. at 6-9.) Petitioner specifically acknowledged that he was giving up his right to claim that he was coerced or pressured into pleading *nolo contendere.*  (*Id*. at 8.)  The prosecutor relied on the preliminary examination transcript to make out the factual basis for the plea at the plea hearing. (*Id*. at 9-10.)

On September 27, 2005, Petitioner appeared for sentencing before the trial judge. At that time, Petitioner made a motion to withdraw his plea on the basis of "ineffective assistance of counsel and conflict of interest."  (9/27/05 Tr. at 3.)  The trial judge rejected Petitioner's motion, noting that Petitioner's trial counsel was "very effective" because he had negotiated a plea and sentence agreement in which Petitioner's original charge of first-degree murder– which carried a mandatory sentence of life in prison– was reduced to second-degree murder with a sentence agreement that was "pretty close to the bottom of the guidelines and a lot of that would not have happened without the good work of your attorney." (*Id*. at 3-4.)  The judge additionally conveyed her amazement that the prosecutor agreed to reduce the charge to second-degree murder with a sentence at the bottom end of the sentencing guidelines in light of the prosecutor's original request for a minimum sentence of 30 years. (*Id.* at 7.)  Prior to sentencing Petitioner, the judge noted

2

in particular Petitioner's lengthy history of domestic violence convictions and indicated: "When I read your Presentence Report, I was sorry I went as low as I did on the guidelines because, frankly, I would like to see you be convicted of first-degree murder after what I read in this [the pre-sentence] report . . .." (*Id.* at pp. 15-16).

Petitioner, with the assistance of appellate counsel, subsequently filed a motion in the trial court to withdraw his plea, which the court denied. *People v. David,* No. 05-5982-01 (Third Judicial Cir. Ct. Sept. 22, 2006). The Michigan Court of Appeals subsequently affirmed Petitioner's conviction. *People v. David,* No. 273451 (Mich. Ct. App. Jan. 29, 2007) (unpublished opinion). On June 26, 2007, the Michigan Supreme Court denied Petitioner's application for leave to appeal because the Court "was not persuaded that the questions presented should be reviewed . . .." *People v. David*, 478 Mich. 929, 733 N.W.2d 55 (2007).

Petitioner then filed a post-conviction motion for relief from judgment in the trial court, which the court denied. *People v. David*, No. 05-005982-01 (Wayne Cnty. Cir. Ct. June 20, 2008). The Michigan appellate courts thereafter denied Petitioner's post-conviction appeal. *People v. David*, No. 288228 (Mich. Ct. App. Mar. 27, 2009); *People v. David*, 485 Mich. 975, 774 N.W.2d 907 (2009).

On December 18, 2009, Petitioner filed the pending application for a writ of habeas corpus asserting the following grounds for relief:

I.    Ineffective assistance of counsel in coercing Petitioner to plead to the lesser offense of second-degree murder from the charged offense of first-degree murder, where Petitioner had a potential claim of

self-defense; failing to fully inform Petitioner; and failing to ensure Petitioner's right to allocution at sentencing.

II.     Petitioner was deprived of this right to due process when the trial court failed to establish the requisite factual foundation for the acceptance of Petitioner's no contest plea to second-degree murder.

III.    Petitioner in this matter was forced by use of fear to take the only deal offered to him.  This is a direct violation of law.  Petitioner clearly has been deprived of his rights and should be allowed to withdraw his plea due to the blatant and utter disregard of the attorney in this case.

IV.     Heat of Passion:  Petitioner was not only provoked and acted in self-defense, but had been provoked by decedent during their entire relationship where he had suffered mental, and verbal abuse during his relationship causing him to fight for his life when the decedent tried to stab Petitioner.

V.      Self Defense: The test for self defense was never considered in this case for Petitioner due to the court and prosecutor assuming that this was a clear case of first degree murder.

VI.     Insufficiency of the evidence: Petitioner argues that the court, and prosecutor and also the defense attorney did not argue and prove the sufficiency of the evidence beyond a reasonable doubt of every fact necessary to constitute the crime which Petitioner was charged with.

VII.    [Petitioner] was denied his constitutional rights to the effective assistance of trial counsel as afforded him by the United States and Michigan Constitutions.

VIII.   [Petitioner] was denied his constitutional rights to effective assistance of appellate counsel as afforded him by the United States and Michigan Constitution.

IX.     Was Petitioner denied the proof of reasonable doubt as an essential element of his conviction?  Was Petitioner not provided the chance to be charged and convicted of a lesser, non-malice related offense?

X.      The plea in this matter was not made with the full understanding that

4

this case and charge could and should have been charged as a lower
at lesser, non-malice offense.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is

applicable to Petitioner's habeas corpus petition, imposes the following standard of

review:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an
>         unreasonable application of, clearly established Federal law, as
>         determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
>         determination of the facts in light of the evidence presented in the
>         State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state

court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court

has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-

13, 120 S. Ct. 1495, 1523 (2000).  A state court's decision is an "unreasonable application

of" clearly established federal law "if the state court identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to

the facts of the prisoner's case." *Id.* at 413, 120 S. Ct. at 1523.  A federal habeas court

may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id*. at 310-11, 120 S. Ct. at 1522.

The Supreme Court has explained that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003).  The "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, – U.S. – , 130 S. Ct. 1855, 1862 (2010) (internal quotation marks and citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, – U.S. –, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id*.

### III.  Analysis

### A.  Procedural Default

6

In response to the petition, Respondent contends that all but Petitioner's first two claims are procedurally defaulted because he raised them for the first time only in his post-conviction motion for relief from judgment and failed to show cause and prejudice for failing to raise them earlier on direct appeal, as required by Michigan Court Rule 6.508(D)(3).

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) (internal quotation marks and citations omitted). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594 (1991).

In the present case, the Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

7

These orders, however, did not refer to subsection (D)(3) nor did they mention Petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims.  Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).  This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection of [Petitioner's] claims." *Id.*

The trial court rejected Petitioner's post-conviction claims on the merits without relying upon Michigan Court Rule 6.508 (D)(3) or his failure to raise these claims on his direct appeal.  In fact, the trial court rejected several of Petitioner's claims pursuant to Michigan Court Rule 6.508(D)(2), on the ground that these claims had been raised in Petitioner's direct appeal and had been rejected.  Indeed, several of the claims that Petitioner raised in his post-conviction appeal appear to be reiterations of some of the same claims that he raised on his direct appeal.

Because the last reasoned state court decision rejected Petitioner's claims on the merits, this Court concludes that none of Petitioner's claims are procedurally defaulted. *Guilmette*, 624 F. 3d at 289, 292.

### B.  Petitioner's Claims Challenging the Validity of His Plea

In several of his claims, Petitioner challenges the validity of his *nolo contendere*

plea.[1]

In his second claim, Petitioner contends that the trial court failed to establish a factual basis to accept his *nolo contendere* plea to second-degree murder. There is no federal constitutional requirement, however, that a factual basis be established to support a guilty or *nolo contendere* plea. *See Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). Stated differently, "[t]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F.3d 107, 111 (6th Cir. 1995). Thus although Michigan Court Rule 6.302(D)(1) requires the elicitation of a factual basis from the defendant prior to accepting his or her guilty plea, no federal constitutional issue is raised by a Michigan trial court's failure to comply with the rule. A trial court's failure to comply with state law and procedure that do not infringe specific federal constitutional protections are not cognizable under § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67-78, 112 S. Ct 475, 480 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law").

In his related sixth and ninth claims, Petitioner contends that the prosecutor failed to present sufficient evidence to prove beyond a reasonable doubt that he was guilty of the original first-degree murder charge or the second-degree murder charge to which he

---

[1]Several of these claims contain overlapping and/or duplicative arguments. Therefore, the Court will not address Petitioner's claims in numerical order but based on their relation to the legal issues involved.

9

pleaded.  An unconditional guilty plea, however, constitutes a waiver of all pre-plea

non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267, 93

S. Ct. 1602, 1608 (1973).  A *nolo contendere* plea also constitutes a waiver of all non-

jurisdictional defects. *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982).  Thus by

entering a *nolo contendere* plea, Petitioner waived his right to challenge the sufficiency of

the evidence to convict him of this charge. *See id.*; *see also United States v. Manni*, 810

F.2d 80, 84 (6th  Cir. 1987); *United States v. Hawkins*, 8 F. App'x. 332, 334 (6th Cir.

2001).

        Petitioner also asserts several grounds to support his claim that he should have

been allowed to withdraw his *nolo contendere* plea.

        At the outset, Petitioner has no federal constitutional right to withdraw his *nolo*

*contendere* plea. *See United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) ("A

defendant does not have an absolute right to withdraw a guilty plea and bears the burden

of proving that he is entitled to withdraw his guilty plea").  Therefore, unless the plea

violated a clearly-established constitutional right, whether to allow the withdrawal of a

criminal defendant's guilty or *nolo contendere* plea is discretionary with the state trial

court. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

        To pass constitutional muster, a plea of guilty or *nolo contendere* must be

knowingly and voluntarily made.  *See, e.g., Brady v. United States*, 397 U.S. 742, 748, 90

S. Ct. 1463, 1468-69 (1970).  The defendant must be aware of the "relevant

circumstances and likely consequences" of his plea. *Hart v. Marion Corr. Inst.*, 927 F.2d

10

256, 257 (6th Cir. 1991). This includes the defendant's awareness of the maximum

sentence that can be imposed for the crime for which he or she is pleading guilty or *nolo*

*contendere*. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a Petitioner brings a

federal habeas petition challenging his plea of guilty or *nolo contendere*, the State

generally satisfies its burden of showing that the plea was made voluntarily by producing

a transcript of the plea proceedings. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir.

1993). "The factual findings of a state court that the plea was proper generally are

accorded a presumption of correctness." *Id*. (citing *Dunn v. Simmons*, 877 F.2d 1275 (6th

Cir. 1989)). A habeas petitioner must overcome a heavy burden if the federal court is to

overturn these findings by the state court. *Id*. at 328.

Petitioner initially contends that he was forced by his counsel into pleading *nolo*

*contendere*. This assertion is defeated by the fact that Petitioner stated on the record at

the plea hearing that, by pleading *nolo contendere*, he was giving up the right to claim

that anyone coerced or pressured him to enter his plea. (9/9/05 Tr. at 8.) Furthermore,

Petitioner's bare assertion now that he was coerced into pleading *nolo contendere* is

insufficient to overcome the presumption of verity which attaches to the statements he

made during the plea colloquy, in which he denied that any threats had been used to

procure him to enter his plea. Notably, the Sixth Circuit has indicated that "where a

defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty

plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F.2d 236,

239 (6th Cir. 1987). In that situation, the defendant's credibility is undermined. *See*

11

*United States v. Ford,* 15 F. App'x 303, 309 (6th Cir. 2001).

Petitioner also alleges that his plea should be set aside because the plea bargain was illusory, in that there was insufficient evidence of premeditation and deliberation to charge him with first-degree murder.

A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994). However, a plea bargain is not illusory even where a charge dropped in exchange for the plea bargain is later discovered to have lacked an adequate foundation or sufficient evidence. *See United States v. Quisenberry*, Nos. 98-3618, 98-3994, 98-4156, 1999 WL 1073659, at *6 (6th Cir. Nov. 17, 1999); *see also United States v. Morgan,* 958 F.2d 847, 849 (8th Cir. 1992) (holding that the fact that two of the seven counts against the defendant were invalidated because the defendant's conduct was determined not to violate the relevant statutes did not entitle the defendant to withdraw his entire guilty plea).

In any event, in the present case, the state trial court judge found sufficient evidence of premeditation and deliberation to support a first-degree murder charge against Petitioner. Moreover, the prosecutor in this case agreed to dismiss an habitual offender charge and to a sentence at the lowest end of the sentencing guidelines range in

12

exchange for Petitioner's plea to second-degree murder.  This Court concludes that the plea agreement was not illusory because the prosecutor fulfilled his promise to dismiss the habitual offender charge and Petitioner was sentenced to twenty to forty years in prison in conformity with the sentencing agreement.  Because Petitioner derived a real benefit from his plea and sentence bargain in this case, his plea was not illusory. *See McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004).

Petitioner next claims that his plea of *nolo contendere* was not knowingly or intelligently made because he was never informed that he would have to serve his entire minimum sentence of twenty years before he would become eligible for parole.

A defendant need only be made aware of the direct consequences of a guilty or *nolo contendere* plea for the plea to be made voluntarily and intelligently; a trial court is under no obligation to inform a defendant of all possible collateral consequences of a plea. *King*, 17 F. 3d at 153.  The United States Supreme Court has "never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985).  The Sixth Circuit has repeatedly held that parole eligibility is not a direct consequence of a plea of which a defendant must be advised. *See Franks v. Lindamood,* 401 F. App'x 1, 6 (6th Cir. 2010); *King*, 17 F. 3d at 154; *Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983).  Therefore, any misunderstandings that Petitioner might have had about when he would be paroled from his second-degree murder conviction did not render his plea involuntary.

13

Lastly, Petitioner contends that his plea should have been set aside because he is innocent of the crime. Petitioner claims that he is innocent of second-degree murder because he stabbed the victim in self-defense after she attacked him with a knife. The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. *Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996).

Under Michigan law, "one acts lawfully in self defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, . . . as judged by the circumstances as they appeared to the defendant at the time of the act." *Blanton v. Elo*, 186 F.3d 712, 713 n.1 (6th Cir. 1999) (internal citations and quotation marks omitted). However, under Michigan law, a person is not entitled to use any more force than is necessary to defend himself. *See People v. Kemp,* 202 Mich. App. 318, 322, 508 N.W.2d 184 (1993).

Petitioner fails to offer convincing evidence to support his self-defense claim. The victim's daughter, Rachel Whitcher, testified at the preliminary examination that Petitioner called her shortly before the victim was found murdered. According to Rachel, she spoke with Petitioner and then her mother. While Rachel was speaking with her mother, she heard Petitioner in the background say, "Say goodbye to your f–ing mother." (6/7/05 Tr. at 12.) Rachel testified that the phone then appeared to drop to the ground and went silent. (*Id.*) Rachel immediately called the police.

Redford Township police officers Kevin Drielts and his partner drove to the

14

victim's and Petitioner's home in response to a "domestic disturbance" call.  (6/7/05 Tr. at 20.)  After the officers arrived, they encountered Petitioner.  (*Id.* at 22.)  Petitioner appeared to have a wound on the back of his neck and blood was dripping from the inside sleeve of his jacket.  (*Id.* at 24.)  Officer Drielts asked Petitioner where his wife was.  *Id.* Petitioner first said she was not there and then said she was in her room.  (*Id.* at 24-25.)

The officers then called for medical personnel to attend to Petitioner's wound(s). Officer Drielts attempted to frisk Petitioner for weapons; however, Petitioner pushed the officer's hands away and refused to comply.  (*Id.* at 25.)  Officer Drielts eventually had to taser Petitioner to subdue him.  (*Id.*)  Officer Drielts left Petitioner with the other officer and then went to find the victim, who was found on the second floor of the home.  (*Id.* 26.)

When Officer Drielts discovered the victim, she showed no signs of life.  (*Id.*) There was blood beneath her body, a knife handle near her foot, and another knife about four feet away from her.  (*Id.*)  The victim later was determined to have suffered four stab wounds to the back and one to the knee.  (*Id.* at 5.)  A broken blade of a knife was recovered from one of the stab wounds.  (*Id.*)

Petitioner's actions when the police arrived and the victim's wounds are inconsistent with Petitioner's self-defense claim.  Petitioner's claim is further weakened by the fact that, when he entered his plea, he claimed that he had no memory of the event because of an alcoholic blackout.  (9/9/05 at 4.)  Finally, as the trial court judge noted at Petitioner's sentencing, he has a lengthy history of domestic violence convictions,

15

including at least one prior conviction involving the victim in the present matter.

### C. Claims Alleging Ineffective Assistance of Counsel

In his habeas petition, Petitioner further alleges that he was deprived of the effective assistance of trial and appellate counsel.

To demonstrate the denial of the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. "First, the defendant must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. at 689, 104 S. Ct. at 2065. In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy." *Id*. (internal quotation marks and citation omitted). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 687, 104 S. Ct. at 2064. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that

16

determination was unreasonable– a substantially higher threshold.'" *Knowles v. Mirzayance*, – U.S. – , 129 S. Ct. 1411, 1420 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 1939 (2007)).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, – U.S. – , 131 S. Ct. 770, 785 (2011).  As the Supreme Court recently explained in *Harrington*:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel' s actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id*. at 788.

Petitioner initially claims that his counsel was ineffective for advising him to plead *nolo contendere* to the second-degree murder charge rather than to take the case to trial and seek an acquittal under a self-defense theory or to at least get the first-degree murder charge reduced to a charge of voluntary manslaughter under either a theory of imperfect self-defense or provocation.  The state court rejected Petitioner's argument, concluding that he could not satisfy the prejudice-prong of the *Strickland* test, even if he could show that counsel erred.  The court reasoned:

> Defendant cannot establish that, but for his attorney's advice to plead guilty to second-degree murder, he would have been convicted of a lesser offense. Defendant pled no contest because he could not recall what happened the night he killed Cindy Whitcher.  He cannot now argue, some three years later, that he remembers he killed Cindy Whitcher in self-defense or in the

17

> heat of passion.  In addition, the words said to Cindy Whitcher's daughter, "fucking say goodbye" to your mother, do not support his claim that he killed Cindy Whitcher in self-defense or in the heat of passion.  Finally, during the plea and sentencing, defendant never indicated to the court that he acted in self-defense or in the heat of passion.  While he argues that he did not know at the time he plead [sic] no contest that self-defense or heat of passion were relevant to his case, defendant was given every opportunity to speak at both [h]is plea and sentencing and not once did he indicate that what happened to Ms. Whitcher was a result of him defending himself or an argument.

*People v. David*, No. 05-005982-01, slip op. at 8 (Wayne Cnty. Cir. Ct. June 20, 2008).

This was not an unreasonable application of the *Strickland* standard.

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty or *nolo contendere* plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled but would have insisted on going to trial.  *Premo v. Moore*, – U.S. – , 131 S. Ct. 733, 743 (2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985)).  The assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59, 106 S. Ct. at 371.  The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or *nolo contendere*. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003).

Petitioner fails to show a reasonable probability that, but for counsel's alleged

18

errors, he would have insisted on going to trial.  For the reasons set forth by the state court, as well as the reasons discussed below, it is unlikely that Petitioner's affirmative defense would have succeeded at trial or that he would have succeeded in reducing the charge to voluntary manslaughter based on a theory of imperfect self-defense or provocation.  In addition to the circumstances identified by the state court, the victim suffered four stab wounds in her back and Petitioner had an extensive history of domestic violence, including a conviction arising from conduct directed at the same victim.

Petitioner further claims that counsel was ineffective in that he "virtually waived [Petitioner's] right to allocution . . ." (Pet. at 15.)  The sentencing judge, however, provided Petitioner the opportunity to address the court and the victim's family at sentencing and Petitioner spoke.  (9/27/05 Tr. at 14.)  To the extent Petitioner is arguing that his attorney failed to provide mitigating evidence, he fails to identify what evidence should have been presented or how this evidence would have convinced the judge to impose a lesser sentence.  Moreover, it is unlikely that whatever mitigating evidence Petitioner believes existed would have resulted in a lesser sentence in light of the sentencing court's comments that, had she read the pre-sentence report before agreeing to a twenty to forty years sentence, she would not have agreed to such a low sentence and would have liked to have seen Petitioner convicted of first-degree murder.  (*Id*. at 15-16.)

Finally, Petitioner asserts that appellate counsel was ineffective for failing to raise some of his claims on direct appeal.  "[A]ppellate counsel cannot be found to be

19

ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Having found that Petitioner's claims lack merit, the Court concludes that Petitioner is unable to show that appellate counsel was ineffective for failing to raise these claims on direct appeal.

## IV.  Certificate of Appealability

A district court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing § 2254 Cases (2010); *see also* Fed. R. App. P. 22(b) ("If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue.") Pursuant to the AEDPA, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a petitioner's claims on the merits, this mean the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

For the reasons stated above, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  The Court therefore declines to issue a certificate of appealability.

## VI.  Conclusion

20

For the reasons stated above, the Court concludes that Petitioner is not entitled to a writ of habeas corpus based on the grounds for relief set forth in his application.  The Court further concludes that reasonable jurists would not find its assessment of Petitioner's claims debatable or wrong.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is **DENIED** a certificate of appealability.

Date:  June 3, 2011                            s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE


Copies to:

Gordon David, Jr., #374004

Chippewa Correctional Facility

4269 W. M-80

Kincheloe, MI 49784


AAG Bruce H. Edwards